Dated: October 5, 2016

The following is ORDERED:



*Tom R. Cornish*

TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
RANDY MARION SITTON, JR.                    CASE NO. 16-80743-TRC
RACHEL LEAH SITTON,                         CHAPTER 7
                Debtors.

### ORDER REGARDING CERTIFICATION OF CREDIT COUNSELING

This Court held a hearing on September 28, 2016, to show cause why this case should not be dismissed for Debtors' failure to file their certification of credit counseling due August 15, 2016. Debtors did not appear at the hearing. This was the second hearing the Court held on this matter. The first hearing was held August 24, 2016. Debtors did not appear at that time but the Court continued the matter to give them one more chance to comply with the requirement to file their credit counseling certification.

Debtors filed this case *pro se* on July 15, 2016. They filed a bare bones petition without schedules, summary of schedules, statement of financial affairs, means test form, employee pay advices or certificates of credit counseling. However, they did file a request for additional time within which to file the certificates of credit counseling due to exigent circumstances, citing a

garnishment of their wages, and they filed an application to waive the filing fee. The Court granted these requests and ordered the credit counseling certifications filed on or before August 15, 2016. Debtors filed the required schedules and pay advices and filed their Financial Management Course Certificates, but they did not file credit counseling certificates. The Court held a Show Cause hearing on August 25, 2016 for failure to file the Credit Counseling Certificate. Debtors did not appear, although the Clerk's Office reported that Debtors had called to report that they were unable to appear because they could not be absent from work and that they would appreciate one more chance to file the Certificates. The Court granted Debtors another extension of time and continued the Show Cause hearing until September 28, 2016. Debtors did not file the certificates nor did they appear at the second hearing. The Trustee filed a Report of No Distribution and indicated that Debtors did appear at the 341 meeting held September 7, 2016.

Section 109(h)(1) of the Bankruptcy Code provides in part:

> an individual may not be a debtor under this title unless such individual has, during the 180−day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency … an individual or group briefing …that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

A temporary waiver of the requirement due to the exigent circumstances is available pursuant to § 109(h)(3)(A), provided the requirement is completed within 30 days of filing the petition. This Court granted an additional extension pursuant to § 109(h)(3)(B) but Debtors still did not comply. No request for exemption pursuant to § 109(h)(4) due to incapacity or disability has been received, nor have Debtors provided any other information to this Court that would explain their failure to comply.

This Court has previously ruled that failure to file a Credit Counseling Certificate is grounds for dismissal. *See In re Brown,* Case No. 06-80047. Although most courts find that

dismissal is required for failure to comply with § 109(h)(1), some courts have held that they have discretion in determining the consequences of a debtor's failure to comply, and may decline to dismiss a case where manifest injustice may result or if the totality of the circumstances does not support dismissal. *See In re Enloe,* 373 B.R. 123 (Bankr. D. Colo. 2007). Circumstances that may persuade a court not to dismiss may include lack of objection to dismissal from creditors of the United States Trustee, a debtor who took all steps necessary to comply but could not, whether any party would be prejudiced by continuing the case, and other equitable factors. Debtors have provided no such information to the Court. The Court recognizes that Debtors have filed other necessary documents as well as their Financial Management Certificates, however, Debtors failed to appear and formally respond to two show cause hearings. Therefore, the Court finds that dismissal is warranted but will withhold entry of its order of dismissal to allow Debtors the opportunity to file valid certificates.

IT IS THEREFORE ORDERED that on or before 4:30 p.m., October 14, 2016, Debtors shall each file a valid credit counseling certificate or this case shall be dismissed without further notice.

###